MINNEAPOLIS INDUSTRIAL EXPOSITION *vs.* BALDWIN BROWN and another.

February 28, 1890.

**Subscription for Gift to a Corporate Enterprise — Subsequent Agreement of Corporation with Single Subscriber.** —A large amount of money had been subscribed by various citizens, to be paid for the purchase of a site to be donated to the plaintiff for an exposition building. According to the claim of the plaintiff, the defendant Brown obligated himself jointly with others by contract to donate to the plaintiff the land in question, (not then owned by any of the parties.) Allowing this, to have been so, the rights of the plaintiff as against Brown would be modified by a subsequent agreement with him alone, (sufficient subscriptions not having been collected to make the purchase,) to the effect that he should personally advance the money necessary to purchase the land, and should take and hold the title as security for the repayment of the money so advanced. He having thus purchased the land, *held,* that the plaintiff was not entitled to a conveyance of it from him until he should be reimbursed the money so advanced.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial by *Smith,* J., and judgment ordered for defendants.

*Fred B. Dodge,* for appellant.

*Hart & Brewer,* for respondents.

DICKINSON, J.[1] This is an action to compel a conveyance by the defendant Brown of a tract of land forming a part of the ground on which the plaintiff's exposition building has been erected. The plaintiff claims to be entitled to such conveyance by reason of the offer or proposal expressed in Exhibit A of the case, which offer the plaintiff accepted, and the specified conditions of which it has fulfilled. It claims that a contract was thus entered into entitling it to a conveyance of this property, and that Brown subsequently acquired the title subject to that right in the plaintiff. The offer referred to was made in writing to the plaintiff's board of directors in January,

---

[1] Vanderburgh, J., took no part in this case.

1886. It states that, "at a meeting of the citizens of East Minneapolis, * * * the undersigned were appointed a committee to make the following proposition to your honorable body in behalf of the residents and property-holders of East Minneapolis, to wit: We offer to donate the property" (described.) Certain conditions are specified. The instrument was signed by this defendant Brown and two others, designated, "Committee representing the citizens of East Minneapolis." From the findings of fact by the court, it appears that soon after the acceptance of this offer, the defendant Brown and another of the persons whose names were subscribed to the offer (Gillette) reported to the plaintiff's board of directors as to the condition of the title to this land, (which appears to have been in persons not interested in this offer;) that an option for its purchase for about $40,000 had been obtained, which would soon expire; that about that sum had been subscribed by citizens of East Minneapolis, (for the purchase of the site, as is to be understood;) that a part of that had been collected, and that collections were still being made, but that it was doubtful whether sufficient could be collected to effect the purchase within the time allowed for that purpose. It was agreed between the plaintiff's board of directors and Brown that the latter should advance the necessary amount of money and make the purchase, taking the title in himself, in trust for the plaintiff, and as security for the repayment of the money advanced for the purchase. This was then done, Brown advancing of his own funds about $10,000 of the purchase price. All of this was done, and the plaintiff's board of directors was advised of it, before the plaintiff went into possession. The defendant was subsequently reimbursed (by the further payment of subscriptions) a part of the money advanced by him. There remains, however, still unpaid, the sum for which the court held the land still chargeable in favor of the defendant. The relief sought was refused, except upon the condition that this money be repaid.

It is unnecessary to refer to the defendant the Commercial Bank, except to say that the lien which it asserts is, in effect, identical with the claim made by Brown. Payment to the bank will satisfy the demand of Brown.

There is sufficient evidence to sustain the findings of the court in the direct testimony of Brown, whose large personal interest in the matter may have been regarded as most likely to impress upon his mind, and fix in his memory, the transaction in question; in the testimony of Gillette; and in the fact that the title *was* taken in the name of Brown, and that the plaintiff for a time, as the evidence tended to show, acquiesced in the title being so held, although it was making very valuable improvements upon the land. The court below did not deem it necessary to declare the effect of the proposal and acceptance; nor, in view of the findings of fact to which we have referred, do we consider it necessary. Even if it be assumed that the offer and acceptance constituted a valid contract, so binding Brown and his associates that, upon his subsequently acquiring title to the land, the plaintiff might, if nothing more had occurred, have maintained an action to have the title transferred to it without other conditions than those specified in the offer, it is further to be considered that it was still competent for the plaintiff and Brown to modify or change what the plaintiff claims to have been a complete contract between itself and the persons presenting the written offer. And this they did, according to the findings of the court. The agreement that Brown should personally provide the money necessary to purchase the land, and take the title to himself as security for reimbursement, was effectual, after he had carried the agreement into execution, as a defence to the claim now asserted by the plaintiff of an unqualified right to a conveyance from him. It is immaterial whether the later agreement placed the plaintiff in a more advantageous position than it occupied before. It is enough that it made the agreement which the other party has performed on his part. The plaintiff is bound by it, and its present claim of an unconditional right to a conveyance of the land, being contrary to that agreement, cannot be sustained.

Order affirmed.